IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JACQUELINE MARTIN and BERNARD KEITH MARTIN-BEY,<br><br>Plaintiffs,<br><br>v.<br><br>AURORA FINANCIAL GROUP, INC., *et al.*,<br><br>Defendants. | Case No. 24-cv-04210 (RMB/MJS) |

## MEMORANDUM & ORDER

In this action, *pro se* Plaintiffs Jacqueline Martin and Bernard Keith Martin-Bey ("**Plaintiffs**") appear to bring state-law claims against Defendant Aurora Financial Group, Inc., among others, relating to their home mortgage. [*See* Compl., Docket No. 1.] The matter is now before the Court upon Plaintiffs' application to proceed without prepaying fees or costs (i.e., *in forma pauperis* ("**IFP**")) [Docket No. 1-2] and a "Motion for a Temporary Restraining Order" [Docket No. 2]. As this action cannot proceed without the Court's approval of Plaintiffs' IFP application (or the payment of the filing fee), the Court first turns to Plaintiffs' application.

To proceed without prepaying fees or costs, an applicant must submit an affidavit that includes a complete list of her assets, among other financial details, and establishes that she is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a); *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995) ("In this circuit, leave to proceed

[IFP] is based on a showing of indigence."); *see also, e.g.*, *Roy v. Penn. Nat'l Ins. Co.*, 2014 WL 4104979, at *1 (D.N.J. Aug. 19, 2014).  A litigant is not entitled to proceed without paying; she must prove her entitlement to do so.  *In re Lassina*, 261 B.R. 614, 618 (Bankr. E.D. Pa. 2001).  A court's decision to grant or deny an IFP application is within its sound discretion, *see Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010) (citing *Jones v. Zimmerman*, 752 F.2d 76, 78 (3d Cir. 1985)), and based solely on the economic eligibility of the applicant, *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).  To appropriately address a litigant's request to proceed without prepaying fees and costs, the Court requires the litigant to submit a complete and accurate IFP application.  *See Bullock v. Suomela*, 710 F.2d 102, 103 (3d Cir. 1983) ("What may be required by the district court in the exercise of its discretion is a payment which is fair in the light of the actual financial situation of the particular pro se litigant.").

Here, Plaintiffs' IFP application is deficient in at least two respects.  First, the IFP application only appears to be signed by Bernard Keith Martin-Bey, [*see* Docket No. 1-2, at 1], but there are two Plaintiffs in this action, as identified in the Civil Cover Sheet, [*see* Docket No. 1-1].  Still, the Complaint identifies Jacqueline Martin **or** Bernard Martin-Bey as the sole Plaintiff, [Compl. at 1], and it is signed only by Jacqueline Martin. [*Id.* at 13.]  Plaintiffs must each complete, sign, and file separate IFP applications listing their individualized financial information, or they must both execute a joint IFP application that accurately lists their combined financial information and clarifies the nature of their relationship.  This is necessary for a

complete picture of their economic status for the Court to determine indigence. *See Sinwell*, 536 F.2d at 19; *Bullock*, 710 F.2d at 103.

Second, the Court cannot determine, based on the information presented, whether Plaintiffs' financial affidavit shows that their expenses substantially exceed their assets and income. Plaintiffs state that they expect their income in April 2024 to be $1,800, but Jacqueline Martin and/or Bernard Keith Martin-Bey are apparently unemployed. [Docket No. 1-2, at 1, 5.] Plaintiffs shall explain the basis for this expectation. Additionally, Plaintiffs state that they expect to spend $3,000 in expenses or attorneys' fees in connection with this action. [*Id.* at 5.] Plaintiffs shall explain the basis for this expectation as well, and if they have already incurred any such expenses, they shall submit receipts.

Until Plaintiffs address these two issues, the Court cannot determine whether to permit them to proceed without paying fees and costs, to require partial payment of the filing fee, or to deny their request altogether. *See Bullock*, 710 F.2d at 103. As a result, their IFP application must be denied without prejudice at this stage.

Furthermore, if Plaintiffs seek to amend their IFP submission in a subsequent filing(s), as they may, the Court directs them to submit a one-page letter identifying the basis for this Court's subject matter jurisdiction, as it is not readily apparent from the Complaint. The Court has an independent obligation to satisfy itself of its subject matter jurisdiction, *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010), and the party who invokes the jurisdiction of a federal court has the burden of demonstrating its jurisdiction,

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  As Plaintiffs may know, in contrast to state courts, federal courts possess limits to their jurisdiction.  A federal district court's jurisdiction may be based on a federal question, 28 U.S.C. § 1331, or diversity of citizenship between the parties, 28 U.S.C. § 1332(a).  These are the only two bases for subject matter jurisdiction.

With respect to federal question jurisdiction, federal district courts may exercise subject matter jurisdiction over "actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs must adequately allege a basis for federal jurisdiction contained in a "short and plain statement of the grounds for the court's jurisdiction" in the Complaint. FED. R. CIV. P. 8 (a)(1); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015). The party asserting jurisdiction must satisfy the "well-pleaded complaint rule," which requires that "the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Glob. Mkts. Inc.*, 834 F.3d 242, 249 (3d Cir. 2016). Though a *pro se* plaintiff's submissions must be construed liberally, *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009), the plaintiff nonetheless has the burden of demonstrating subject matter jurisdiction, *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016).

For a court to exercise diversity jurisdiction under 28 U.S.C. § 1332, two requirements must be met.  First, the controversy must be between citizens of different states, with the citizenship of each party alleged specifically. 28 U.S.C. § 1332(a)(1); *Onyiuke v. Cheap Tickets, Inc.*, 435 F. App'x 137, 138 (3d Cir. 2011); *S. Freedman & Co.*

4

*v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006). To be a citizen of a state, a natural person must be domiciled in the state. *Zambelli*, 592 F.3d at 419. An averment concerning a natural person's residence is "jurisdictionally inadequate." *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].") (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972)). A corporation is a citizen of both its state of incorporation and the state where it maintains its principal place of business. *Zambelli*, 592 F.3d at 419 (citing 28 U.S.C. § 1332(c)(1)). The citizenship of a limited liability company, however, is determined by ascertaining the citizenship of each of the company's members, not where the company is established, organized, or has its principal place of business. *Lincoln Ben. Life Co.*, 800 F.3d at 105.

Second, the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Boilerplate language concerning the amount in controversy and the nature and extent of a plaintiff's injuries will not suffice to establish the jurisdictional minimum as such language is tantamount to no allegation at all. *Compare Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (stating that, in diversity cases, "courts generally accept a party's good faith allegation of the amount in controversy"), *with Jaconski v. Avisun Corp.*, 359 F.2d 931, 937 (3d Cir. 1966) (stating that jurisdictional amount in controversy is to be ascertained from "the amount demanded by [the plaintiff], if that demand is found to have been made in good faith").

Here, Plaintiffs claim that the Court's jurisdiction is based on a federal question, [Civil Cover Sheet, Docket No. 1-1], but their Complaint states that jurisdiction is based on "the State Constitution and statute," [Compl. ¶ 1]. Their asserted causes of action fail to clarify whether a federal statute is at issue, [*see generally* Compl.], and the Court cannot discern by what basis federal question jurisdiction pursuant to § 1331 is invoked. Accordingly,

**IT IS**, on this **4th** day of **April 2024**, hereby:

1.  **ORDERED** that Plaintiffs' IFP application [Docket No. 1-2] is **DENIED, without prejudice**; and it is further

2.  **ORDERED** that Plaintiffs may refile an amended IFP application(s) no later than **twenty-one (21) days** following today's date if they can address the issues identified herein; and it is further

3.  **ORDERED** that, if Plaintiffs file an amended IFP application(s), they shall also submit a one-page letter addressing the basis for this Court's subject matter jurisdiction, without which this action cannot proceed even if the Court approves Plaintiffs' request to proceed IFP; and it is further

4.  **ORDERED** that Plaintiffs' Motion for a Temporary Restraining Order [Docket No. 2] is **ADMINISTRATIVELY TERMINATED** pending resolution of Plaintiffs' IFP application and confirmation of the Court's subject matter jurisdiction; and it is finally

5.  **ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Memorandum and Order to Plaintiffs' address via regular mail and shall **NOTE** on the docket the date upon which it is mailed accordingly, notwithstanding Plaintiffs' consent and registration to receive documents electronically.

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
Chief United States District Judge
